UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11825-RGS

JOSEPH KOGUT AND URSZULA KOGUT

v.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AMERICAN MORTGAGE
NETWORK, INC. D/B/A AMERICAN MORTGAGE
NETWORK OF MA, JPMORGAN CHASE BANK,
N.A., AND WELLS FARGO BANK, N.A.

ORDER ON PLAINTIFFS' MOTION
FOR A PRELIMINARY INJUNCTION

November 12, 2013

STEARNS, D.J.

Plaintiffs Joseph and Urszula Kogut are defendants in a recently concluded summary process eviction proceeding in the Southeast Division of the Massachusetts Housing Court. On October 18, 2013, after a trial, that court entered a judgment of eviction against the Koguts in a dispute over the nonpayment of a mortgage. The Koguts' prayer for an injunction voiding the eviction order in effect asks this court to exercise supplementary equitable control over original proceedings in the state court. That this court cannot do. The *Rooker-Feldman* doctrine serves as an absolute bar to "cases brought by state court losers complaining of injuries caused by state court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983). Only the United States Supreme Court has the authority among federal courts to invalidate state court civil judgments. *See Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003). *See also Wang v. New Hampshire Bd. of Registration in Medicine*, 55 F.3d 698, 703 (1st Cir. 1995). The Koguts's relief, if any, is to obtained in the Massachusetts state courts. Consequently, the prayer for a preliminary injunction from this court is <u>DENIED</u>.

                SO ORDERED.

                /s/ Richard G. Stearns
                _____
                UNITED STATES DISTRICT JUDGE