UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11825-RGS

JOSEPH KOGUT AND URSZULA KOGUT

v.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AMERICAN MORTGAGE
NETWORK, INC. D/B/A AMERICAN MORTGAGE
NETWORK OF MA, JPMORGAN CHASE BANK,
N.A., and WELLS FARGO BANK, N.A.

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO DISMISS

January 7, 2014

STEARNS, D.J.

Plaintiffs Joseph and Urszula Kogut brought this lawsuit against defendants Mortgage Electronic Registration Systems, Inc. (MERS), American Mortgage Network, Inc. (AMN), JPMorgan Chase Bank, N.A. (JPMorgan), and Wells Fargo Bank, N.A. (Wells Fargo), seeking to undo a foreclosure sale and an order of eviction entered after a trial in the Massachusetts Housing Court. Defendants move to dismiss the Koguts's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants' motion will be allowed.

BACKGROUND

On January 26, 2007, the Koguts entered into a mortgage loan agreement (Mortgage) with AMN involving a residential property at 278 North Wheaton Street in Seekonk, Massachusetts.  The Mortgage identified MERS as the nominee for AMN.  On or about April 2, 2012, MERS assigned the Mortgage to JPMorgan, which subsequently assigned it to Wells Fargo.

On July 31, 2013, the Koguts filed the instant Complaint in the federal district court seeking a declaratory judgment that the foreclosure sale and eviction order are void as a matter of state law and alleging common-law and statutory claims of breach of contract, breach of the duty of good faith and fair dealing, a violation of 209 CMR 56.00 (*bona fide* and reasonable title examination fees), and a violation of Mass. Gen. Laws ch. 244, § 35A (Right to Cure Statute), all arising out of defendants' efforts to enforce the Mortgage.  Five days later, Wells Fargo brought a complaint for summary process against the Koguts in the Southeast Division of the Housing Court, based on the Kogut's (conceded) default on the Mortgage payments.  On October 3, 2013, five days before the trial in the Housing Court, the Koguts filed an emergency motion for a preliminary injunction in this court seeking to enjoin the Housing Court proceeding.  This court denied the prayer for injunctive relief on November 12, 2013.

On October 8, 2013, the Housing Court trial went forward. Ten days later, on October 18, 2013, the Housing Court entered a judgment against the Koguts ordering them to quit the premises. Rather than comply, the Koguts repaired to this court renewing their request for declaratory relief. Defendants, for their part, responded with the motion to dismiss. Both motions have been since fully briefed. The court does not believe that oral argument is necessary.

## DISCUSSION

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court explained in *Twombly* that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotation marks omitted). In reviewing a Rule 12(b)(6) motion, the court "may consider 'documents the authenticity of which are not disputed by the parties; documents central to plaintiff['s] claim; and

documents sufficiently referred to in the complaint.'" *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007), quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (internal alterations omitted).

The thrust of defendants' argument is that the Koguts should be precluded by the doctrine of res judicata from relitigating in this court a matter that has been resolved against them in the state court. "Res judicata is an affirmative defense, but where . . . the defendant has raised the question on a motion to dismiss, the plaintiff does not object to the procedure, and the court discerns no prejudice, the issue may be resolved on such a motion." *In re Sonus Networks, Inc.*, 499 F.3d 47, 56 (1st Cir. 2007).[1] A federal court looks to state law in deciding the res judicata (or claim preclusive) effect of a state court judgment. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-482 (1982); s*ee also Cruz v. Melecio*, 204 F.3d 14, 18 (1st Cir. 2000) ("[S]tate law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in federal court."). Under Massachusetts law, "[t]hree elements are essential for invocation of claim preclusion:  (1) the identity or privity of the parties to the present and

---

[1] The doctrine of res judicata serves important policy purposes such as relieving litigants of the "'cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication.'" *Apparel Art Int'l, Inc. v. Amertex Enters., Ltd.,* 48 F.3d 576, 583 & n.7 (1st Cir. 1995), quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

4

prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *DaLuz v. Dep't of Corr.*, 434 Mass. 40, 45 (2001). With regard to the second element – that of "the identity of the cause of action" – Massachusetts law provides that "[c]laim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were *or could have been* adjudicated in the action." *Blanchette v. Sch. Comm. of Westwood*, 427 Mass. 176, 179 n.3 (1998) (emphasis added).

As to the first element of res judicata, the general rule is that "where one party acts for or stands in the place of another in relation to a particular subject matter, those parties are in privity" for purposes of preclusion. *RG Fin. Corp. v. Vergara-Nuez*, 446 F.3d 178, 187 (1st Cir. 2006); *see also Comm'r of the Dep't of Employment & Training v. Dugan*, 428 Mass. 138 (1998). The law is clear that a mortgage servicer acts as the agent of the mortgagee to effect collection of mortgage payments (as MERS does for Wells Fargo and did for its predecessors). "Thus, it will be a rare case in which th[ese] two parties are not perfectly identical with respect to successive suits arising out of a single mortgage transaction." *RG Fin. Corp.*, 446 F.3d at 187. This is not one of the rare cases.

With respect to the second element of identicality, a valid and final judgment extinguishes subsequent claims "'with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31, 34 (1st Cir. 1996), quoting Restatement (Second) of Judgments § 24 (1982). Defendants maintain that the Koguts's federal Complaint plainly arises out of "the same transaction and common nucleus of fact as was litigated before the Housing Court in the Housing Court Action," that is, the alleged wrongfulness of the 2012 foreclosure and the consequential order of eviction. Defs.' Mem. at 9 (Dkt #15). The Koguts's sole riposte is that identicality is lacking because they were barred from seeking a declaratory judgment in the Housing Court, "[p]ursuant to M.G.L. c. 231A section 1," a specie of relief available to them only in the federal district court.[2] Pls.' Mem. at 11 (Dkt #19). The short answer is that identicality does not depend on the labels a plaintiff attaches to its claims but on whether the causes of action arose out of a common nucleus of operative facts. *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 15 (1st Cir. 2010). *Cf. Gilbert v. City of Cambridge,* 932 F.2d 51, 57 (1st Cir. 1991) ("To prevent plaintiffs from making a mockery of the statute of

---

[2] The assertion is not accurate. Chapter 231A, § 1 of the Massachusetts General Laws empowers the Superior Court and the Land Court, among other state courts, to make "binding declarations of right, duty, status, and other legal relations . . . ."

limitations by the simple expedient of creative labeling – styling an action as one for declaratory relief rather than for damages – the court must necessarily focus upon the substance of an asserted claim as opposed to its form.").

As to the third element of res judicata, a prior binding judgment, there is no dispute that the Housing Court's Order, based on findings of fact gleaned from an adversarial trial, was a final judgment on the merits against the Koguts.[3]

ORDER

Since the three elements of res judicata have been satisfied, the Koguts's attempt to resuscitate their complaint in the federal court is precluded. Defendants' motion to dismiss the Complaint for failure to state

---

[3] While the *Rooker-Feldman* doctrine does not apply in this instance (because the federal district court proceedings commenced prior to the entry of the state court judgment), policy considerations similar to those that animate the doctrine (notably comity and deference to a state court on matters of state law) are also at play here. "[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court. [However,] [d]isposition of the federal action, once the state-court adjudication is complete, would be governed by federal law. The Full Faith and Credit Act . . . requires the federal court to 'give the same preclusive effect to a state court judgment as another court of that State would give.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-293 (2005), quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986). See also *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983).

an actionable claim is <u>ALLOWED</u>.  The Clerk will enter an order of dismissal with prejudice and close the case.

                                    SO ORDERED.

                                    /s/ Richard G. Stearns

                                    _____
                                    UNITED STATES DISTRICT JUDGE